IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT ROBERT ATKINSON,

    Plaintiff,                   No. 2:11-cv-0210 JFM (PC)

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

    Defendant.                 <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
5  U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
11 U.S.C. § 1915A(b)(1),(2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19        Plaintiff alleges that he is a practicing Buddhist who requires a vegan diet to
20 comply with a fundamental tenet of his faith.  He brings a claim under the Religious Land Use
21 and Institutionalized Persons Act (RLUIPA), contending that none of the religious dietary
22 choices offered by defendant California Department of Corrections and Rehabilitation (CDCR)
23 comport with the requirements of his faith.  He seeks money damages and injunctive relief.

24        The sole defendant named in plaintiff's complaint is the CDCR.  The Eleventh
25 Amendment serves as a jurisdictional bar to suits brought by private parties against a state or
26 state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S.

1  332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d
2  1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to
3  suit.  Accordingly, plaintiff cannot proceed with this action against the CDCR.  However,
4  plaintiff may be able to cure this defect through amendment to the complaint naming individual
5  defendants who have caused or are contributing to the claimed statutory violation.  For that
6  reason, plaintiff's complaint will be dismissed with leave to amend.

7           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
8  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
9  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must name individual
10 defendants and must allege in specific terms how each named defendant is involved.  There can
11 be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
12 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
13 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
14 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
15 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
16 1982).

17          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
18 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
21 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          1. Plaintiff's request for leave to proceed in forma pauperis is granted.

26 /////

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. Plaintiff's complaint is dismissed.

      4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
atki0210.14

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT ROBERT ATKINSON,

    Plaintiff,               No. 2:11-cv-0210 JFM (PC)

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,               NOTICE OF AMENDMENT

    Defendant.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____      Amended Complaint

DATED:

                                            Plaintiff

5