1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT ROBERT ATKINSON,

11          Plaintiff,              No. 2:11-cv-210 MCE JFM (PC)

12      vs.

13   MATTHEW CATE, et al.,          ORDER AND

14          Defendants.             FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint, filed March

18   10, 2011.  Plaintiff claims that defendants are violating his rights under the Religious Land Use

19   and Institutionalized Persons Act, 42 U.S.C. §§2000 et seq. and the equal protection and due

20   process clauses of the United States Constitution by failing to provide him the vegan diet

21   required by his religious faith.  Plaintiff seeks declaratory and injunctive relief and monetary

22   damages.  By order filed March 25, 2011, the court ordered the United States Marshal to serve

23   process on seven defendants named in plaintiff's first amended complaint.  This matter is before

24   /////

25   /////

26   /////

1  the court on the motion of four of those defendants, M. Cate, M. Martell, S. King, and D.

2  Thomason to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

3                     STANDARDS FOR A MOTION TO DISMISS

4              Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

5  dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

6  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

7  true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

8  (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

9  416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint

10  must contain more than "a formulaic recitation of the elements of a cause of action;" it must

11  contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

12  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

13  necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .

14  claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200

15  (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

16                  ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

17              Plaintiff's first amended complaint contains the following allegations relevant to

18  the motion at bar.  At all times relevant to this action, plaintiff has been an inmate in the

19  California Department of Corrections and Rehabilitation (CDCR), housed at Mule Creek State

20  Prison (Mule Creek).  At all times relevant to this action, defendant Cate has been the Secretary

21

22              [1]  Two other defendants, D. Baptista and W. Knipp, answered the first amended
    complaint on October 27, 2011.  Service was returned unexecuted for the seventh defendant,
23  identified in the first amended complaint as Juanita Green, and by order filed September 13,
    2011, plaintiff was directed to complete and return additional information for service of process
24  on said defendant.  On January 24, 2012, plaintiff filed a motion to amend the complaint to
    change the spelling of said defendant's name to Juanita Geurin.  Good cause appearing,
25  plaintiff's motion to amend will be granted and the first amended complaint will be deemed
    amended to reflect the correction throughout.  Counsel for defendants will be directed to inform
26  the court within twenty days whether counsel will waive service of process on behalf of
    defendant Geurin.

of CDCR, defendant Martell the acting warden at Mule Creek, defendant King an office assistant

acting as an appeals coordinator at Mule Creek, and defendant Thomason the appeals coordinator

at Mule Creek.  First Amended Complaint, filed March 10, 2011 (FAC), at 3-4.

Plaintiff is a devout Theravadan Buddhist.  Id. at 4.  On June 24, 2009, plaintiff

filed an administrative appeal at Mule Creek, requesting a vegan diet based on his religious

beliefs.  Id.  In the appeal, plaintiff stated that the vegetarian diet offered at Mule Creek was

inadequate because it mostly consisted of foods known to cause heart and artery disease.  Id.

Plaintiff also stated that both CDCR and Mule Creek provided Jewish and Muslim inmates with

certified Kosher and Halal diets.  Id. at 5.

On June 29, 2009, plaintiff's appeal was denied at the informal level of review by

defendant D. Baptista.  Ex. A to FAC, at 3.  Defendant Baptista denied the appeal on the ground

that there was "[n]o provision in this institution to provide vegan diet to inmates except

vegetarian diet."  Id.  On September 1, 2009, defendants King and Thomason denied plaintiff's

appeal at the second level of review.  Ex. A to FAC, at 4.  On December 11, 2009, plaintiff's

appeal was denied at the Director's Level of Review, the final level of administrative review in

the CDCR.  Ex. A to FAC, at 1.  The denial was based on the following findings:

> Pursuant to the California Code of Regulations, Title 15, Section
> (CCR) 3054, each institution shall make reasonable efforts, as
> required by law, to accommodate those inmates who have been
> determined to require a religious diet.  Each institution shall
> provide ongoing religious awareness training for custody and food
> service staff, and anyone involved in the religious diet program.
> Religious meals shall not be restricted from inmates based on their
> classification or housing placement.  The CDCR is in the process
> of amending the CCR 3054 concerning the Religious Diet
> Program.  In 2006, the CDCR adopted its existing regulations
> pertaining to inmate religious diets.  Those regulations made
> provisions for at least two religious dietary options.  The first
> religious diet option is the Jewish kosher diet program.  Under the
> existing regulations for that program, kosher meals with meat are
> made available to Jewish inmates, as determined by a Jewish
> Chaplain.  The second religious diet option is the religious
> vegetarian diet.  Under the existing regulations for that diet,
> vegetarian meals are made available to any inmates who require
> them based upon a religious need, as determined by a chaplain for

any faith.  The existing regulations were intended to offer religious
dietary accommodations for inmates, subject to the Religious Land
Use and Institutionalized Persons Act.  Although CDCR is in the
process of amending the aforementioned dietary regulations, they
have not been finalized.  The appellant's request that his meals be
prepared in a certified vegan kitchen was appropriately denied.
After review, there is no compelling evidence that warrants
intervention at the Director's Level of Review as the appellant's
religious dietary issued [sic] have been appropriately addressed by
the institution.

Id.  The final level reviewer also noted that plaintiff had been informed at the second level of

administrative review that "veganism as well as vegetariansim is a personal choice, not a

mandate of the Buddhist religion."  Id.

DEFENDANTS' MOTION

I.  Eleventh Amendment Immunity from Compensatory and Punitive Damages

          Defendants' first contention is that the Eleventh Amendment renders them, in

their official capacities, immune from money damage suits.  In opposition to the motion, plaintiff

represents that he is only seeking money damages against defendants in their individual

capacities.  See Plaintiff's Opposition to Motion to Dismiss, filed November 23, 2011, at 3.

Defendants acknowledge this clarification in their reply brief.  See Defendants' Reply to

Plaintiff's Opposition to the Motion to Dismiss, filed December 6, 2011, at 1.  Defendants' first

contention is therefore moot.

II.  Defendants Cate and Martell

          Defendants Cate and Martell seek dismissal on the grounds that plaintiff has not

alleged  any facts concerning their personal involvement in the denial of plaintiff's request for a

vegan diet and that they have been improperly included in this action based solely on their

supervisory roles.

          As noted above, defendant Cate is the Secretary of the CDCR and defendant

Martell was the acting Warden of Mule Creek at all times relevant to the events at bar.  Liability

may be imposed on a supervisor under section 1983 only if (1) the supervisor personally

4

1   participated in the deprivation of federal rights or (2) the supervisor knew of the violations and

2   failed to act to prevent them or (3) the supervisor implemented a policy "'so deficient that the

3   policy itself "is a repudiation of [federal] rights" and is "the moving force of the . . . violation."'"

4   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List,

5   880 F.2d 1040, 1045 (9th Cir. 1989).  However, an unlawful policy cannot be proved by proof of

6   a single incident "unless proof of the incident includes proof that it was caused by an existing,

7   [unlawful] policy."  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).

8           Here, the exhibits to plaintiff's complaint[2] show that at the time of the events at

9   bar it was the policy of both CDCR and Mule Creek to provide only kosher and vegetarian diets

10   to meet the religious dietary needs of inmates.  Whether or not that policy violated either

11   RLUIPA or equal protection or due process clauses of the federal constitution is at issue in this

12   action.  Plaintiff specifically alleges that both defendant Cate and defendant Martell were

13   responsible for the relevant policies.  See FAC at 3.  These allegations are sufficient to state a

14   cognizable claim for relief against both defendants.  Their motion for dismissal should be denied.

15   III.  Defendants King and Thomason

16           Defendants King and Thomason seek dismissal on the ground that their sole

17   involvement in the events complained of was the denial of plaintiff's administrative appeal, and

18   they contend that actions taken in reviewing appeals cannot support liability under section 1983.

19   Plaintiff opposes the motion on the ground that both defendants had an opportunity, through their

20   role in the grievance procedure, to stop the alleged violations and failed to do so.

21           Plaintiff's allegations with respect to defendants King and Thomason are

22   distinguishable from allegations against prison officials involved in an administrative appeal

23   stemming from events that occurred in the past.  As one judge of this court has observed:

24   /////

25   _____

26       [2]  Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ.
P. 10(c).

The distinction is important because an appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past. See George v. Smith, 507 F.3d 605, 609-610 (7th Cir.2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it).

Herrera v. Hall, No. 1:08-cv-1882-LJO-SKO PC, 2010 WL 2791586, at *4 (E.D.Cal. July 14, 2010). Viewed in the light most favorable to plaintiff, the allegations of his complaint in this regard are sufficient to state a cognizable claim against defendants King and Thomason. If plaintiff's contention that failure to provide him with a vegan diet violated his rights under RLUIPA and/or the equal protection and due process clauses of the constitution, his allegations against defendants King and Thomason are sufficient to implicate both defendants for failing to take steps to remedy the alleged violations.

For all of the foregoing reasons, defendants' motion to dismiss should be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 24, 2012 motion to amend is granted;

2. The first amended complaint is deemed amended to change the spelling of defendant Juanita Green's name to Juanita Geurin throughout said pleading;

3. Within twenty days from the date of this order counsel for defendants shall inform the court in writing whether counsel will waive service of process on behalf of defendant Geurin; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' October 27, 2011 motion to dismiss be denied; and

/////

2.  Defendants Cate, Martell, King and Thomason be directed to answer plaintiff's first amended complaint within twenty days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2012.

UNITED STATES MAGISTRATE JUDGE

12
atki0210.mtd

7