IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT ROBERT ATKINSON,

           Plaintiff,                No. 2:11-cv-0210 TLN JFM (PC)

   vs.

MATTHEW CATE, et al.,

           Defendants.         <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint, filed March 10, 2011 (FAC) (ECF No. 10).  Plaintiff claims that defendants are violating his right to free exercise of religion guaranteed by the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§2000 et seq., as well as his federal constitutional rights to equal protection and due process, by failing to provide him a vegan diet which he claims he needs in  order to follow one of the precepts of his Theravadan Buddhist religious faith.  Plaintiff seeks declaratory and injunctive relief and monetary damages.  On December 21, 2012, defendants filed a motion for summary judgment (ECF No. 54).  Plaintiff has filed an opposition

1    to the motion, and defendants have filed a reply.[1]

2             By his first amended complaint, plaintiff alleges that he had requested from prison

3    officials through the administrative grievance process "a vegan diet, prepared in a certified vegan

4    kitchen, because he has the deeply held religious view that his religion requires him to abstain

5    from eating animal flesh, or food prepared with the same utensils and in the same kitchen."  FAC

6    (ECF No. 10) at 4.  He seeks, inter alia, an order requiring defendants "to provide orthodox

7    Buddhists with a vegan diet of equal or greater caloric or nutritional value to that given Jewish

8    and Muslim prisoners."  Id. at 7.  With his opposition to defendants' motion for summary

9    judgment, plaintiff includes his own declaration in which he states, inter alia, that he has "been

10   employed numerous times at various prison [sic] as a 'culinary worker' and [is] familiar with

11   some aspects of the CDCR's Food Delivery System."  Pl. Decl. in Opposition to MSJ, filed April

12   5, 2013 (Doc. 64) at 33.  Based on this experience, he states that he believes inmate workers

13   could and would be the individuals who would prepare his vegan meals, and that CDCR's

14   current food suppliers could provide all foods necessary to such meals.  Id. at 33-34.  It appears

15   from these statements and from the relief requested in the first amended complaint that plaintiff

16   is no longer seeking "certification" of either the diet he requests or the kitchen in which it is

17   prepared.  It further appears from review of the papers that plaintiff may accept accommodation

18   with a vegetarian diet that does not include dairy products or eggs.  While plaintiff's asserted

19   motivation for seeking this diet is his religious faith, it is not clear whether such a diet is

20   otherwise provided to inmates within CDCR, for example for medical reasons, and, if so,

21   whether such a diet could be made available to plaintiff as a less restrictive alternative to the

22   _____

23        [1] On March 18, 2013, plaintiff filed a motion for a twenty-one day extension of time to file
     his opposition (ECF No. 61), which he filed on April 5, 2013 (ECF No. 64).  Good cause appearing,

24   plaintiff's motion for extension of time will be granted nunc pro tunc and his opposition deemed
     timely filed.  On April 12, 2013, defendants filed a motion for extension of time to exceed the page

25   limit for their reply to plaintiff's opposition (ECF No. 65).  Defendants filed their reply brief on
     April 18, 2013 (ECF No. 66).  Good cause appearing, defendants' motion to exceed page limit will

26   be granted.

present ban.

For these reasons, the court will set a mandatory settlement conference in this case.  Pursuant to Local Rule 270(b), the parties will be directed to inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge and waive any disqualification stemming therefrom or if they prefer instead to be referred to another Magistrate Judge of this Court for the settlement conference.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Within fourteen days from the date of this order, each party shall inform the court in writing as to whether they wish to proceed with the settlement conference before the undersigned magistrate judge and waive any disqualification or if they prefer instead to be referred to another Magistrate Judge of this Court for the settlement conference.  If the parties wish to proceed before the undersigned magistrate judge, each party shall return to the court the consent form for settlement conferences provided with this order.  If the parties do not wish the undersigned magistrate judge to preside at the settlement conference, each party shall file a declaration stating he wishes to be referred to another Magistrate Judge of this court for the settlement conference;

2.  The Clerk of the Court is directed to send each party the consent form for settlement conferences;

3.  Plaintiff's March 18, 2013 motion for extension of time (ECF No. 61) is granted nunc pro tunc;

4.  Defendants' April 12, 2013 motion to exceed page limit (ECF No. 65) is granted; and

---

[2] In light of this order, and good cause appearing, defendants' renewed motion for summary judgment will be denied without prejudice.  The court will, if necessary, issue a further order setting new deadlines for dispositive motions should the case continue after the mandatory settlement conference.

5.  Defendants' December 21, 2012 renewed motion for summary judgment (ECF No. 54) is denied without prejudice.

DATED: August 19, 2013

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12
atki0210.o